# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

FRANK DORTCH,                           :
                                        :
    Plaintiff            CIVIL ACTION NO. 3:17-2184
                                        :
    v                                   :
                         :       (JUDGE MANNION)
AMBER WARFEL, et al.,
                                        :
    Defendants

## MEMORANDUM

I. **Background**

On November 30, 2017, Plaintiff, Frank Dortch, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). The named Defendants are Supervisor Warfel, Deputy Warden Steiner, Correctional Officer #1077, York County, York City and Springbury Township. Id. By Order dated February 20, 2018, process of service was issued and the Clerk of Court was directed to serve the complaint on the named Defendants. (Doc. 5). On March 2, 2018, this Court's February 20, 2018 Order was returned as "not deliverable as addressed" and "unable to forward." (Doc. 8). On March 2, 2018, the office of the Clerk of Court noted in the docket that contact with the York County Prison revealed that Plaintiff served his maximum sentence and was released on December 23, 2017. Id. There is no forwarding address of

record.

## II. Discussion

District courts have the inherent power to dismiss an action for failure to prosecute *sua sponte*. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). The United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). No single factor is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal ... is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

Plaintiff is personally responsible for failing to notify this Court of his most recent address. See Poulis, 747 F.2d at 868 (identifying "extent of the party's personal responsibility" as a factor). Plaintiff's conduct has prejudiced

Defendants by requiring them to assume the cost of continued legal preparation and not have a current address to serve their pleadings. See id. (identifying "[p]rejudice to the adversary" as a factor). Plaintiff's action was filed on November 30, 2017. He was released almost a month later on December 23, 2017 and has yet to notify the Court of a current address. Such inaction constitutes a history of dilatoriness, see id. (identifying "history of dilatoriness" as a factor), and constitutes willful disregard of the Court's authority. See id. at 868-69 (identifying "willful" or "bad faith" conduct as a factor). Alternative sanctions would be ineffective to deter Plaintiff's conduct because the Court is unable to move forward with the above-captioned action without a current address for Defendants to serve any responsive pleading. See id. at 869 (identifying availability of "[a]lternative sanctions" to dismissal as a factor). As such, the Court finds that the dilatoriness of plaintiff outweighs any of the other considerations set forth in Poulis. The Court will, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, dismiss Plaintiff's complaint for failure to prosecute. An appropriate Order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 22, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-2184-01.wpd